[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 148.]

OHIO STATE BAR ASSOCIATION *v.* ZUCKERMAN.

[Cite as *Ohio State Bar Assn. v. Zuckerman*, 1998-Ohio-125.]

*Attorneys at law—Misconduct—One-year suspension—Compensating person for recommendation of employment—Requesting person to promote use of lawyer's services—Dividing fees with lawyers not in the same firm without prior consent of client.*

(No. 97-2670—Submitted June 9, 1998—Decided September 16, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-39.

————————————

{¶ 1} Prior to 1994, respondent, Richard Zuckerman of Cleveland, Ohio, Attorney Registration No. 0025680, was co-counsel with David Linick, Senior Corporate Counsel of the Glidden Company, in several personal injury cases unrelated to Glidden matters. In one such case, respondent and Linick failed to file a complaint within the statute of limitations and settled with their client for $5,000. Respondent and Linick each contributed $2,500 to the settlement amount. Thereafter, from the spring of 1994 through November 1995, Linick referred several Glidden corporate matters to respondent, and respondent billed Glidden for his work. Respondent's bills were approved by Linick. After being paid by Glidden for his legal work, respondent sent checks to Linick for exactly half the amount of the payments he had received from Glidden. There was no overt agreement between respondent and Linick with respect to the fifty percent payments to Linick, but each understood that initially the payments were made to recoup the funds paid out in the settlement. Glidden was not aware of respondent's payments.

**{¶ 2}** Ohio State Bar Association, relator, filed an amended complaint on July 15, 1997, charging, *inter alia*, that respondent's conduct violated DR 2-103(B) (a lawyer shall not compensate a person to recommend or secure the lawyer's employment by a client or as a reward for having made a recommendation resulting in the lawyer's employment by a client), 2-103(C) (a lawyer shall not request a person to promote the use of a lawyer's services), and 2-107(A) (fees may be divided by lawyers who are not in the same firm only with the prior consent of the client after written disclosure, and the division is in proportion to the work done by each attorney or all lawyers assume responsibility for the representation).

**{¶ 3}** Respondent filed his answer, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). The panel found the facts as alleged and concluded that respondent violated the Disciplinary Rules as charged. The panel received evidence in mitigation that respondent had practiced for twenty-six years without any prior disciplinary problems, and that he cooperated in the investigation by the Disciplinary Counsel. The panel also received testimony from judges about respondent's ability and character, and testimony about his illness and dependence on Prozac and about illness in his family. The panel recommended that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel.

––––––––––––––––––

*William T. Monroe, Daniel J. Hughes, Eugene P. Whetzel* and *James Flaherty*, for relator.

*Mary L. Cibella,* for respondent.

––––––––––––––––––

***Per Curiam.***

**{¶ 4}** We adopt the findings and conclusions of the board, but believe a more severe sanction is warranted. The Disciplinary Rules are clear. No circumstance would have justified respondent's payments to Linick whether they were characterized as fees or as gifts. Respondent should have known that if Linick was to receive any portion of the fees Glidden paid to respondent, Linick was required by DR 2-107 to actually have done some work or at least have assumed responsibility for the handling of the matters. Respondent should also have known that DR 2-103(B) prohibited him from paying any reward to Linick for his employment by Glidden.

**{¶ 5}** Respondent is hereby suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————